### POST v. BUCKLEY et al.

(Circuit Court, S. D. New York. October 3, 1902.)

1. JURISDICTION OF FEDERAL COURTS—DIVERSITY OF CITIZENSHIP—NOMINAL PARTIES.

A defendant who is substantially charged in the bill with conspiracy to defraud, and against whom a large judgment is asked on the ground that he refused to surrender on demand property which had been conveyed to him as trustee by complainant, but permitted the same to be sold under foreclosure, cannot be considered a merely nominal party, and the fact that he is a citizen of the same state as complainant deprives a federal court of jurisdiction.

In Equity. Argument on plea.

William Blaikie, for complainant.
John Brooks Leavitt, for defendants.

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

TOWNSEND, Circuit Judge. The complaint alleges: that complainant is a citizen and an inhabitant of New York, and that the defendants are citizens and inhabitants of the state of New Jersey; an agreement between complainant and the defendant Charles that Charles should loan money to the complainant to buy real estate, and that, to secure defendant, 150 acres of land owned by complainant in Linden township, N. J., was transferred to William, the other defendant, as also the real estate purchased; that, as a bonus, complainant gave a note for $3,000 to Charles, and for $1,000 to William, which were afterwards returned, and acknowledgments for the same amounts for sums due for services substituted; that on January 4, 1894, Charles agreed to loan complainant $10,000, or so much as he might require to pay interest upon the mortgages and taxes on said lands, until he could dispose of the whole or repay the loans, and that to secure said $10,000, or so much as might be loaned, complainant conveyed two other farms, of 154 acres, to said William; that said 154 acres were then worth over $150,000, and are now worth more than $200,000, and were only incumbered for about.$10,200, and that, if said Charles had kept his agreement to loan money to complainant until complainant by sale could pay up the loans and incumbrances, the mortgages on the property could have been continued; that whenever Charles made loans he demanded and required bonus notes in addition to the amount loaned; that after January, 1894, 500 acres and upwards having been conveyed to William in trust as aforesaid, Charles refused to loan any more money unless complainant would give him a bonus of 100 per cent. on each of said loans; and that in June, 1894, complainant demanded from defendants a return of said 154 acres, and that later complainant notified defendants· that he had a party ready to advance the money to pay interest and taxes, if he could secure him with said lands, and defendants refused to reconvey any part of them; that defendants were at all times able to carry out their agreements, and that by reason of their failure so to do, and to advance the money, 300 acres have been sold at forced sale, worth more than $200,000, at a loss to complainant of over $150,000; that on September 15, 1900, defendants returned to complainant all of his notes, except one for $1,380, and reconveyed all of the land then held by said William, subject to three mortgages held by said Charles for $5,000, and that thereupon complainant executed his bond for $33,325 to the defendants, secured by a mortgage on the land so reconveyed, and that on the same day defendants gave consents for the discontinuance of three actions on their notes pending in the supreme court of New York, and for three other actions pending in chancery in New Jersey for foreclosure of mortgages on parts of said lands; that all transactions and dealings between complainant and defendants said to be released and satisfied by said agreement of September 15, 1900, were made while defendants were attorneys and counsel of complainant; that complainant only assented to said settlement of September 15, 1900, because he was unable in any other way to save even the remaining 250 acres, or any part thereof, and because defendants told him just before he signed the agreement that unless he did sign it they would let the

whole of said land go. Defendants file a plea alleging: First. That the defendant William at the time of the filing of the bill was, and long before had been, a citizen and resident·of the state of New York. Second. That on September 15, 1900, there were pending actions at law and in equity between the parties in New York and New Jersey, in which all matters set forth in the complaint were in litigation, and could have been fully tried and determined; that it was agreed between the parties that they should settle the same out of court, and that an accounting was had, and settlement made, the complainant acting under the advice of his counsel, George T. Werts, whereby defendant William reconveyed the lands to complainant, and complainant executed his bond and mortgage for $33,325. The agreement is set out in full, is witnessed by said George T. Werts, and includes a full satisfaction and discharge by the complainant of all and every claim and demand or cause of action, legal or equitable, arising or growing out of any agreements made or transactions had between him and the defendants, or either of them. The plea is not denied.

The first question is that of jurisdiction. Complainant claims that said William is a mere stakeholder, a nominal party, and that, although he may in fact reside in New York, there are only two real parties to the case, complainant and defendant Charles, and therefore the court has jurisdiction. Even if it be so that a defendant from whom a judgment for a conveyance was claimed could be considered as a nominal party, so as not to oust the jurisdiction of the court, it appears from the complaint that William has not now a large part of the real estate, the conveyance of which is demanded, but that it has been sold, apparently under foreclosure; and complainant claims judgment against him, that the agreement discharging him from all claims be declared void by reason of fraud, deception, and breach of fiduciary relations, menace and duress, practiced by defendants, and that the defendants, and each of them, be decreed to cause said 300 acres to be conveyed to complainant, or in lieu thereof to pay $200,000. A defendant who is substantially charged with conspiracy to defraud and against whom it is purposed to obtain a judgment of $200,000, on the ground that he did not surrender the property on demand, can hardly be considered a merely nominal defendant. It appears, also, from the whole complaint that William, also, has some claim for services on his part included in the bond for $33,325 which complainant seeks to have declared void. It must be held that he is not a mere nominal defendant, and that the court has no jurisdiction.

Defendants urged upon the court that by reason of the charges made against them personally, and their position as attorneys, there should be a decision on the merits, as shown by the pleadings. If the court has no jurisdiction, such judgment could have no legal effect. But as the matter has been fully argued, and counsel for complainant united in the request for such decision, it may not be amiss to observe that, although the value of the real estate in question is alleged in hundreds of thousands of dollars, there is no allegation as to the amount actually invested by complainant, other than what might be

inferred from the statement that the 300 acres were purchased between April and July, 1892; that in said purchases said Charles furnished less money than the complainant; and that on February 1, 1893, it was found that the loans up to that time amounted to $15,-600. From the whole complaint it appears probable that the amount which could be actually realized by sale of these properties did not greatly exceed the mortgages. The only pressure brought upon complainant to make the settlement alleged to have been made was that the defendant Charles said unless he made a settlement they would let the whole property go, which indicates that mortgages were liable to be foreclosed, and that defendants did not purpose to advance money to redeem. Suits are admitted to have been pending in court in which the questions here raised might have been determined, and complainant, on advice of counsel, made a complete settlement. If the court had jurisdiction, it would not appear that there are any facts alleged which would justify the court in declaring the settlement void, thus depriving the defendants of the right, which at the time of settlement they had, to have the whole matter determined in the courts of New York and New Jersey.